IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CANDIDATE A .J. THOMPSON WARD 6 ) | CASE NO.  1:09CV2112 |
| ) | |
| Plaintiff, ) | |
| ) | JUDGE PATRICIA A. GAUGHAN |
| v. ) | |
| ) | |
| ARGENT MORTGAGE COMPANY, LLC, ) | MEMORANDUM OF OPINION |
| *et al.* ) | AND ORDER |
| ) | |
| Defendants. ) | |

This action was originally filed in the Court of Common Pleas of Cuyahoga County, Ohio by *pro se* plaintiff A.J. Thompson against twenty-three defendants.  Plaintiff and four of the defendants are residents of the State of Ohio.  All defendants own property in Cleveland, Ohio. Plaintiff alleges that these properties are a nuisance to him in that they "contain/maintain perpetual danger and health code violations." He further alleges that the properties "create and maintain habitation/resort for violence and danger; for thieves, robbery, drug activity, prostitution, kidnaping, molestation/rape and murder/execution, to include pollutants, stray and wild animals, rodents and pest." He asserts, "These defendants must not be continued allowed to continue such heinous crime spree against Plaintiffs and against Plaintiffs' Community without, consequences, repercussions, and/or mollification whatsoever."[1]

**Analysis**

This action was removed by Countrywide Home Loans, Inc. ("Countrywide"), a citizen of New York with its principal place of business in California, pursuant to 28 U.S.C. § 1332(a).

---

[1] He refers to Plaintiff as plural but only one Plaintiff is named in the complaint.

Alhough complete diversity does not exist, Countrywide contends that removal is appropriate because under Rule 21 of the Federal Rules of Civil Procedure this Court can retain jurisdiction by severing claims against non-diverse dispensable defendants.

28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  Removal is proper only if the action could have been originally filed in the district court. *Geffen v. General Electric Company*, 575 F. Supp.2d 865, 868 (N.D. Ohio 2008)(citing *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 914 (6th Cir. 2007). Countrywide has invoked diversity jurisdiction under § 1332 which requires complete diversity at the time of removal.  The citizenship of each plaintiff must be diverse from that of each defendant. *Caterpillar Inc. v. Lewis,* 519 U.S. 61, 68 (1996); *Coyne v. American Tobacco Co.,* 183 F.3d 488, 492 (6th Cir.1999); *Geffen,* 575 F.Supp.2d at 868.  In that plaintiff is a resident of Ohio as are four defendants, the Court concludes that removal is improper and federal jurisdiction does not exist.

## Conclusion

Accordingly, in that federal jurisdiction does not exist, the action is remanded to the Court of Common Pleas of Cuyahoga County, Ohio.  Pursuant to 28 U.S.C. § 1447(d), remand is not reviewable.

IT IS SO ORDERED.

Dated:  10/1/09  /s/ Patricia A. Gaughan
JUDGE PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE